**Amos Lane BRIDGES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 23757.

United States Court of Appeals
Fifth Circuit.
April 20, 1967.

Harvey J. St. Jean and Hoffman & St. Jean, Miami Beach, Fla., for appellant.

James W. Matthews, J. V. Eskenazi, Asst. U. S. Attys., Miami, Fla., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before WISDOM and GODBOLD, Circuit Judges, and McRAE, District Judge.

PER CURIAM.

Appellant appeals from his conviction of a Mann Act violation. 18 U.S.C. § 2421. Neither of the two points raised has merit and therefore we affirm.

Appellant contends that on several occasions during the course of the trial the government put Appellant's character at issue. In his opening statement, the Assistant United States Attorney informed the jury that he expected the evidence to show that the Appellant was a pimp. Upon objection by counsel, the court instructed the jury to disregard this characterization of Appellant and specifically inquired of the jurors if they would do so. An affirmative showing of hands indicated that the jury would follow the judge's instructions. A motion for a mistrial was denied by the judge, and properly so. The trial judge, by his instructions, erased the prejudicial effect, if indeed any existed, that the remarks may have had.

The other occasions complained of relate to Appellant's occupation, if any, and his connection with prostitution. Obviously, in a case of this type, evidence will invariably be pro-

duced which may indicate that the defendant is not a paragon of virtue. To disallow the use of evidence which bears on the issue of the purpose for the transportation because it casts a shadow on the defendant's character would unduly restrict the prosecution of cases under the Mann Act. The scope of such an inquiry and the descriptive language used are matters to be controlled by the trial judge. It is clear in this case that the trial judge did not allow the government to go too far.

Appellant also contends that the evidence does not establish that the dominant purpose of the interstate transportation was for prostitution, debauchery or other immoral purposes. The jury was correctly charged on this element of the offense and the evidence amply supports the conclusion that the dominant purpose of the trip was that which was outlawed by the Mann Act. Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944) does not aid Appellant in this case. Cf. Forrest v. United States, 363 F.2d 348 (5th Cir. 1966).

The conviction is affirmed.